UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JILL MERCHANT,

    Plaintiff                              Civil Action No. 04-70749

v.                                        HON. GERALD E. ROSEN
                                         U.S. District Judge
                                         HON. R. STEVEN WHALEN
COMMISSIONER OF SOCIAL            U.S. Magistrate Judge
SECURITY,

    Defendant.

_____/

**JUDGMENT GRANTING ATTORNEY FEES UNDER EAJA**

On January 31, 2005, the Court entered judgment in favor of the Plaintiff in this Social Security Disability appeal. Plaintiff now brings a motion for attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). Defendant Commissioner has filed a response indicating no objection to the award of attorney fees. The Court agrees that, under the standard described in *Pierce v. Underwood*, 487 U.S. 552, 563, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), the Plaintiff is entitled to attorney fees.

Further, using the "lodestar" approach for calculating fees, the Court finds that the amount of fees requested ($3,400.00 in attorney fees plus the Filing fee of $150.00, for a total

of $3,550.00) is reasonable.  *See Glass v. Secretary of HHS*, 822 F.2d 19, 21 (6th Cir. 1987).[1]

Accordingly, Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act is GRANTED, and Plaintiff is awarded fees in the total amount of $3,550.00.

SO ORDERED.


s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  May 24, 2005

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 24, 2005.


s/G.K.Wilson
Judicial Assistant

---

[1] Plaintiff's counsel has documented 23.83 attorney hours.  Although *Glass* was careful to point out that each request for attorney fees must be reviewed on its own distinct facts, the Court did note that "the experienced district judge is very likely correct that twenty to thirty hours may well be the norm for attorneys to handle most [social security] cases...." 822 F.2d at 20.